# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, GALLAGHER, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class SHAWN N. DELLISS**
**United States Army, Appellant**

ARMY 20120349

Headquarters, United States Army Cadet Command and Fort Knox
Timothy Grammel, Military Judge
Colonel Robert J. Cotell, Staff Judge Advocate (pretrial)
Colonel Christopher T. Fredrikson, Staff Judge Advocate (post-trial)

For Appellant:  Major Jacob D. Bashore, JA; Captain Jack D. Einhorn, JA (on brief).

For Appellee:  Major Robert A. Rodrigues, JA (on brief).

22 May 2013

------------------------------------
SUMMARY DISPOSITION
------------------------------------

Per Curiam:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of absence without leave terminated by apprehension, in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886 (2006) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, confinement for eight months, forfeiture of $944.00 pay per month for eight months, and reduction to the grade of E-1.  The convening authority approved only so much of the sentence as provided for a bad-conduct discharge, confinement for five months, forfeiture of $944.00 pay per month for eight months, and reduction to the grade of E-1.

According to a pretrial agreement, the convening authority agreed to disapprove any confinement in excess of six months.  Then, after a defense complaint of untimely post-trial processing and recommendation by the staff judge advocate to reduce the sentence to confinement on the basis of the "extended post-trial processing time," the convening authority, at action, disapproved any confinement in excess of five months.  We note, however, at the time of action, appellant had already served the entirety of the adjudged sentence to confinement

DELLISS— ARMY 20120349

and the convening authority's action approved the adjudged forfeiture of $944.00 pay per month for eight months, leaving appellant with no meaningful relief. Therefore, in order to effectuate the clear intent of the convening authority to provide meaningful relief, and in the spirit of judicial economy, we will grant appropriate relief.

On consideration of the entire record and the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), the findings of guilty are AFFIRMED. Only so much of the approved sentence as provides for a bad-conduct discharge, confinement for five months, forfeiture of $944.00 pay per month for four months, and reduction to the grade of E-1 is AFFIRMED. All rights, privileges, and property of which appellant was deprived by virtue of that portion of his sentence set aside by this decision are hereby ordered restored. *See* UCMJ arts. 58(b), 75(a).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

2